**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

NATHAN P. CHAMBLISS, #1426637,

        Petitioner,

v.                        ACTION NO. 2:13cv386

HAROLD W. CLARKE,
Director, Virginia Department of Corrections,

        Respondent.

**UNITED STATES MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

Petitioner Nathan P. Chambliss is in state custody pursuant to convictions in the Circuit Court for Fairfax County for abduction, robbery, and use of a firearm in the commission of a felony. *Commonwealth of Va. v. Chambliss*, FE-2009-1293 (Va. Cir. Ct. June 4, 2010), ECF No. 15-1. On June 4, 2010, Petitioner pled guilty, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), and was sentenced to sixteen years in prison with six years suspended. On December 17, 2010, the circuit court denied Petitioner's motion to reconsider the sentence. ECF No. 15-2. Petitioner failed to file a timely appeal to the Court of Appeals of Virginia.

On April 30, 2011, Petitioner filed a petition for writ of habeas corpus with the Supreme

Court of Virginia, alleging:

>   (A)   counsel failed to file an appeal after being specifically requested to do so by Petitioner and Petitioner's relatives;
>
>   (B)   counsel failed to file a motion to reduce Petitioner's sentence after being specifically requested to do so by Petitioner and Petitioner's relatives; and,
>
>   (C)   counsel was ineffective for falsely advising Petitioner that, if he pled guilty, the Commonwealth would drop one his three charges and reduce a second charge; based on this false advice, Petitioner pled guilty, and his plea was not knowing and voluntary.

*Chambliss v. Dir. of Dept. of Corrections*, Record No. 110856 (Va. May 6, 2011); ECF No. 15-4. The respondent answered the petition conceding Petitioner had not had an opportunity exhaust his appellate remedies, and moving for dismissal of the remaining claims. ECF No. 15-5. On November 29, 2011, the Supreme Court of Virginia granted Petitioner a delayed appeal on Ground (A), and dismissed Petitioner's remaining claims without prejudice "to the petitioner's right to file a subsequent petition for writ of habeas corpus limited to the ground or grounds assigned in the present petition." ECF No. 15-6.

Petitioner appealed his convictions and sentence to the Court of Appeals of Virginia on August 30, 2012, alleging "the trial court erred in the sentencing when it reconvened the hearing to inform [Petitioner] of a mathematical error in his sentence without the presence of [Petitioner's] counsel." *Chambliss v. Commonwealth of Va.*, Record No. 1285-12-4 (Va. Ct. App. Aug. 30, 2012); ECF No. 15-8. A three-judge panel of the Court of Appeals of Virginia denied the petition for appeal on March 4, 2013. ECF No. 15-9. Petitioner's appeal to the Supreme Court of Virginia was denied on June 18, 2013. *Chambliss v. Commonwealth of Va.*, Record No. 130571 (Va. June 18, 2013); ECF No. 15-10.

On July 10, 2013, Petitioner filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner asserts he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

> (A) Petitioner's Sixth Amendment right to counsel was denied when the trial court reconvened to increase Petitioner's sentence without Petitioner's counsel present;
>
> (B) counsel was ineffective for falsely advising Petitioner that, if he pled guilty, the Commonwealth would drop one of his three charges and reduce a second charge; based on this false advice, Petitioner pled guilty, and his plea was not knowing and voluntary;
>
> (C) Petitioner's Fourteenth Amendment right to Due Process was violated when the trial court reconvened to increase Petitioner's sentence without Petitioner present; and,
>
> (D) the evidence was insufficient to sustain his convictions.

ECF No. 1. On January 9, 2014, Respondent filed a Rule 5 Answer and Motion to Dismiss. ECF Nos. 13 and 14. Petitioner filed a First Traverse to the Motion to Dismiss on January 17, 2014. ECF No. 17. Accordingly, this matter is ripe for review.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

In order for the Court to address the merits of this habeas petition, all of Petitioner's grounds must be exhausted. *See* 28 U.S.C. § 2254(b) (2012). Section 2254 provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C.A. § 2254 (2012). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be achieved either through direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997).

The United States Supreme Court has held that federal courts "may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines v. Weber,* 544 U.S. 269, 273 (2005) (*citing Rose v. Lundy,* 455 U.S. 509 (1982)). Instead, the Supreme Court has directed federal courts to "dismiss[] mixed petitions without prejudice and allow[] petitioners to return to state court to present the unexhausted claims to that court in the first instance." *Id.* (*quoting Lundy,* 455 U.S. at 522).

Ground (B) of the current petition has not been exhausted. Although Petitioner raised Ground (B) in his petition for writ of habeas corpus to the Supreme Court of Virginia,[1] the court dismissed the claim without prejudice "to the petitioner's right to file a subsequent petition for writ of habeas corpus limited to the ground or grounds assigned in the present petition," after pursuing his delayed direct appeal. *Chambliss v. Dir. of Dept. of Corrections*, Record No. 110856 (Va. Nov. 29, 2011); ECF No. 15-6. Petitioner has not submitted a subsequent petition for writ of habeas corpus to the Supreme Court of Virginia, and that state remedy is still available to Petitioner.

Petitioner is not time-barred from filing a habeas petition in a Virginia court. Virginia Code

---

[1] This ground was identified as Claim (C) in the petition to the Supreme Court of Virginia.

§ 8.01–654(A)(2) provides that "[a] habeas corpus petition attacking a criminal conviction or sentence ... shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Petitioner's direct appeal was refused on June 18, 2013, and Petitioner has until June 18, 2014, to file his petition for writ of habeas corpus in state court. Accordingly, this Court must dismiss the present petition that contains an unexhausted claim, Ground (B). The Court finds that the entire federal petition must be dismissed without prejudice to Petitioner's right to refile a petition with this court after exhausting Ground (B) in the Supreme Court of Virginia.

Alternatively, Petitioner may withdraw Ground (B) from this petition and the Court will decide the remaining claims. If Petitioner decides on this option, he must file a withdrawal of Ground (B) within the time period for filing objections to this Report and Recommendation as provided in Section IV.

Petitioner is advised to carefully consider any statute of limitations or procedural default issues when determining how to proceed.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Respondent's Motion to Dismiss (ECF No. 14) be GRANTED in part, and the petition for a writ of habeas corpus (ECF No. 1) be DISMISSED without prejudice to Petitioner's right to file a subsequent petition for writ of habeas corpus after exhausting state remedies.

Petitioner failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2233(c)(2) (2012). Therefore, it is recommended that the Court decline to

issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. §636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
April 2, 2014

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Nathan P. Chambliss, #1426637
Deep Meadow Correctional Center
3500 Woods Way
State Farm, VA 23160


John Watkins Blanton, Esq.
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk

April __2__, 2014